13-1188-cv
*Municipal Corp. of Bremanger v. Citigroup Global Markets, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

---

MUNICIPAL CORPORATION OF BREMANGER, MUNICIPAL CORPORATION OF HATTFJELLDAL, MUNICIPAL CORPORATION OF HEMNES, MUNICIPAL CORPORATION OF KVINESDAL, MUNICIPAL CORPORATION OF NARVIK, MUNICIPAL CORPORATION OF RANA, MUNICIPAL CORPORATION OF VIK,

> *Plaintiffs - Appellants*,

TERRA SECURITIES ASA KONKURSBO, AS THE SUCCESSOR IN INTEREST TO TERRA SECURITIES ASA,

> *Plaintiff*,

BANCA CARIGE S.P.A.-CASSA DI RISPARMIO DI GENOCA E IMPERIA, CARIGE ASSICURAZIONI S.P.A., CARIGE VITA NUOVA S.P.A.,

> *Consolidated Plaintiffs*,

V.                                                    No. 13-1188-cv

CITIGROUP GLOBAL MARKETS INC., CITIGROUP ALTERNATIVE
INVESTMENTS LLC,

       *Defendants - Appellees*,

CITIGROUP, INC., CITIGROUP FINANCIAL PRODUCTS INC.,

       *Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | MICHAEL M. FAY (Marc E. Kasowitz, Kim Conroy, Christine A. Montenegro, *on the brief*), Kasowitz, Benson, Torres & Friedman LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JOHN F. BAUGHMAN (Brad S. Karp, Daniel H. Levi, Patrick J. Somers, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiffs appeal from the March 29, 2013 entry of summary judgment in favor of defendants. On appeal, we consider whether the District Court properly held that plaintiffs failed to demonstrate a genuine dispute as to the element of reliance of their common law fraud and negligent misrepresentation claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

The TOB Capital Fund (the "Fund") was a hedge fund managed by defendant Citigroup Alternative Investments LLC (collectively with defendant Citigroup Global Markets Inc.,

2

"defendants"). Terra Securities ("Terra") was a licensed Norwegian securities firm that described itself as a "full-scale brokerage house."

In May and June 2007, representatives of Terra and Citigroup met to discuss various business opportunities, including investment in the Fund. During that time, Citigroup provided Terra with a 27-page presentation (the "CAI Presentation") that provided an overview of the Fund's investment strategy. The CAI presentation included three pages devoted to risk disclosures, including one page of "Significant Investment Considerations" and two full pages of "Key Risks." These pages identified the Fund as an alternative investment and warned that investing in alternative investments is speculative, not suitable for all clients, and intended for sophisticated and experienced investors who are familiar with and capable of evaluating the merits and risks associated with these investments. They also described several risks attributable to investments in the Fund, including Fund volatility, a possibility that investors may lose all of their investment, use of leverage, and lack of liquidity.

Terra eventually signed distribution agreements with Citigroup, under which Terra was permitted to market notes that tracked the returns and losses of investments made directly in the Fund (the "Notes"). Under the distribution agreements, Terra agreed to sell the Notes only to sophisticated institutional investors.

Terra ultimately sold the Notes to plaintiffs, seven Norwegian municipalities. Plaintiffs are subject to the Local Government Act of Norway, which prohibits them from making any investment with "significant financial risk" and requires public funds to be invested only in a safe, conservative fashion. In marketing the Notes, Terra relied on its own oral and written communications, which were based on the content in the CAI Presentation. Relevant here, however, Terra did not disclose the portions of the CAI Presentation that detailed the risks of investing in the Fund. Shortly after investing, the Fund dropped in value, and plaintiffs lost money.

In August 2009, plaintiffs filed the instant action, asserting claims of fraud, fraudulent concealment, and negligent misrepresentation against defendants. Plaintiffs alleged that they relied on misstatements and omissions contained in the CAI Presentation that Terra used to create its own marketing materials. On March 28, 2013, the District Court issued an order granting defendants' motion for summary judgment on all claims on the grounds that plaintiffs had failed to demonstrate a genuine dispute as to the elements of reliance and causation. This timely appeal followed.

3

# DISCUSSION

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiffs proceed under a theory of so-called "indirect reliance." To establish indirect reliance, plaintiffs must prove, *inter alia*, that Terra conveyed the substance of defendants' misstatements to plaintiffs either in repackaged or summary form. *See Sec. Investor Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 77 (2d Cir. 2000). Reliance is lacking, however, when there is an "insurmountable disconnect" between defendants and plaintiffs as a result of Terra's "role [as an intermediary] in choosing what information . . . it deemed worthy of communicating." *Sec. Investor Prot. Corp. v. BDO Seidman, L.L.P.*, 95 N.Y.2d 702, 710-11 (2001).

After *de novo* review, we agree with the District Court that the misrepresentations conveyed by Terra upon which plaintiffs relied were not, in substance or repackaged form, the same misrepresentations allegedly contained in the CAI Presentation. The CAI Presentation discussed basis risk, leverage, volatility, and liquidity, and it warned that investing in alternative investments is speculative and suitable only for sophisticated investors prepared to lose all of their investment. Terra did not convey any of this information, among other cautions, to any plaintiff in marketing the Notes, thus placing the risk of investing in a drastically different light.

Finally, we reject plaintiffs' argument that defendants were liable for Terra's misrepresentations under the doctrine of "apparent authority." Apparent authority originates from "written or spoken words or any other conduct of the principal which, reasonably interpreted, causes [a] third person to believe that the principal consents to have [an] act done on his behalf by the person purporting to act for him." *Minskoff v. Am. Exp. Travel Related Svcs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996) (quoting Restatement (Second) of Agency § 27 (1958)). For instance, a principal cannot deny the apparent authority of its agent when it remains "silent when [the principal] had the opportunity of speaking and when he knew or ought to have known that his silence would be relied upon, and that action would be taken or omitted which his statement of truth would prevent. . . ."

4

*Scientific Holding Co. v. Plessey, Inc.*, 510 F.2d 15, 25 (2d Cir. 1974) (citations omitted); *see also Amusement Indus., Inc. v. Citigroup Global Mkts. Realty Corp. (In re First Republic Grp. Realty, LLC)*, 421 B.R. 659, 683 (Bankr. S.D.N.Y. 2009) ("A principal's silence or acquiescence in the face of knowledge of an unauthorized act can also constitute ratification of the act.").

Plaintiffs argue that defendants were responsible for any misstatements because, in May 2007, defendants approved a copy of Terra's Norwegian-language presentation, which omitted the risk disclosures contained in the CAI Presentation. Therefore, according to plaintiffs, defendants were accountable for any misinformation they failed to correct. Yet, as the District Court recognized, the May 2007 presentation actually contained the "Key Risks" section of the CAI Presentation discussed above. Moreover, Terra itself acknowledged that the supposedly abbreviated Norwegian presentation had never been approved by defendants, and that the CAI Presentation needed to be provided at some point. Accordingly, the only reasonable conclusion is that defendants were unaware that Terra was misrepresenting its marketing materials.

## CONCLUSION

We have considered all of plaintiffs' arguments and find them to be without merit. Accordingly, we **AFFIRM** the March 29, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk